# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK TETZLAFF,**
      Plaintiff,

      v.                        Case No. 17-C-1019

**ILLINOIS BOARD OF ADMISSIONS
TO THE BAR, et al.,**
      Defendants.

## DECISION AND ORDER

Mark Tetzlaff filed a complaint against the Illinois Board of Admissions to the Bar and related defendants. He seeks admission to the Illinois bar and alleges that the Board must accommodate his disabilities during the administration of the bar exam. His amended complaint alleges claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Illinois Human Rights Act.

The defendants moved to dismiss the amended complaint for lack of personal jurisdiction. They also moved to dismiss the claims under the Rehabilitation Act and the Illinois Human Rights Act for lack of subject-matter jurisdiction. Finally, they moved to dismiss the ADA claim for failure to state a claim upon which relief can be granted.

In response to the motion to dismiss, Tetzlaff states that he "agrees with opposing counsel that the Court does not have personal and subject matter jurisdiction." Resp. at 2, ECF No. 44. He also states that he withdraws his claims under the ADA, Rehabilitation Act, and Illinois Human Rights Act. *Id.* at 1. However, instead of agreeing to a dismissal of this case, the plaintiff asks that I transfer it to the Northern District of Illinois. But because the plaintiff has withdrawn all of the claims he alleged in

his complaint, there is nothing left to transfer. Moreover, the defendants contend that if this case is to proceed in federal court in Illinois, the proper venue would be the Central District of Illinois rather than the Northern District. See Reply Br. at 2, ECF No. 45.

In light of the above, I will dismiss this case without prejudice. This will allow Tetzlaff to think about what claims, if any, he wishes to assert against the defendants and to file a complaint in the appropriate Illinois venue. I cannot transfer this case because the plaintiff has withdrawn all of his claims and the plaintiff has not shown that the Northern District of Illinois is an appropriate transferee court. Moreover, a dismissal rather than a transfer will not prejudice the plaintiff. He is pursuing injunctive relief and therefore should not have a problem with the statute of limitations. The plaintiff seems to be concerned that refiling the case will be costly, and he notes that he is indigent. However, if the plaintiff is indigent he may seek leave from the Illinois court to proceed without prepaying the filing fee.

Finally, the plaintiff asks that I stay this case. But because the plaintiff has withdrawn all of his claims and agrees that this court does not have personal jurisdiction over the defendants, a stay would be pointless. His request for one is denied.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to its being refiled in an Illinois state or federal court.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's requests for a stay of this case and a transfer to the Northern District of Illinois are **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of December, 2017.

                              <u>/s Lynn Adelman</u>
                              LYNN ADELMAN
                              District Judge